**INSULAR SUGAR REFINING CORPORA- TION v. COMMISSIONER OF IN- TERNAL REVENUE.**

No. 44, Docket 20231.

Circuit Court of Appeals, Second Circuit.

Oct. 24, 1946.

J. Sterling Halstead, of New York City, for petitioner.

Newton K. Fox, Sp. Asst. to Atty. Gen., Douglas W. McGregor, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

PER CURIAM.

When this case was before us last year (2 Cir., 150 F.2d 8, 11), a majority of the court held that the Tax Court had been right except that it had mistakenly reversed the assessments, levying the deficiency properly assessable for the year 1935 in the year 1936; and vice versa. Since the deficiencies were not the same, this required a refund of part of the deficiency paid for the year 1935, and an increased deficiency for 1936. The taxpayer had sought to amend its petition before the Tax Court to con-

form to the facts; but apparently that court became confused and denied the application. In any case we held that its refusal was "an abuse of discretion" and concluded our opinion as follows: "The cause is remanded to the Tax Court with direction to amend its order to conform to the ruling here made." Our mandate affirmed the order below; but remanded the cause to the Tax Court "with direction to amend its order to conform to the ruling made in the opinion of this court." This the Tax Court did, by an order awarding a refund for 1935, and increasing the deficiency of 1936. The taxpayer has appealed upon the ground that § 272(e) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 272(e), gives jurisdiction to the Tax Court to increase a deficiency only in case "claim therefor is asserted by the Commissioner at or before the hearing or a rehearing"; and, although the Commissioner did assert a "claim" by amending his answer to increase the deficiency for 1936, at the hearing held upon remittitur of our mandate, that was not a "rehearing," so that the court had no jurisdiction to execute our mandate.

We cannot now see why we found it necessary to remand the case at all; § 1141(c)(1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1141(c)(1), gives us power to "modify * * * the decision of the Tax Court, with or without remanding the case for a rehearing, as justice may require." It is true that the error was not of the kind which appears upon the face of the record, and which may be corrected at the time; but plainly the section does not limit our powers to correcting such errors without a rehearing. However, whether we had the power to correct this error without remand, we did remand it, and § 1141(c)(1) certainly gave us power to remand the case for a "rehearing," and perhaps only for a "rehearing." By what legerdemain the Tax Court became incapable of obeying our mandate "to amend its order to conform to the ruling made," escapes us. The theory appears to be that the merits have somehow become so enmeshed in a web of verbiage, that the taxpayer is to be relieved of paying what it concededly owes.

Order affirmed.